IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Judith Farber | | CHAPTER 13 |
| | Debtor | |
| MIDFIRST BANK | | |
| | Movant | |
| vs. | | NO. 13-11133 AMC |
| Gary Farber | | |
| | Debtor | |
| William C. Miller Esq. | | 11 U.S.C. Sections 362 and 1301 |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$1,810.06,** which breaks down as follows;

| | |
|---|---|
| Placed Flood Insurance: | June 12, 2017 in the amount of $1,810.06 |
| **Total Post-Petition Arrears** | **$1,810.06** |

2. The Debtor shall cure said arrearages in the following manner;

    a). Beginning on March 1, 2018 and continuing through August 1, 2018, until the arrearages are cured, Debtor(s) shall pay an installment payment of $301.68 from March 2018 through July 2018 and $301.66 in August 2018 towards the arrearages on or before the last day of each month at the address below;

    MidFirst Bank
    999 North West Grand Boulevard
    Oklahoma City, OK 73118

    b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Moving Party shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Moving Party may file a Certification of

Default with the Court and the Court shall enter an Order granting the Moving Party relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Moving Party shall file a Certification of Default with the court and the court shall enter an order granting the Moving party relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The undersigned seeks court approval of this stipulation.

10.. The parties agree that a facsimile signature shall be considered an original signature.

Date:  February 12, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 2-14-2018

Michael P. Kelly
Attorney for Debtor

Date: 2-14-18

William C. Miller  JACK MILLER  No objection
Chapter 13 Trustee

Approved by the Court this 20th day of February, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan